The Iowa Central Building & Loan Association v. The Merchants & Bankers Fire Insurance Co., Appellant.

Insurance: . PAYMENT OF LOSS: WAIVER: RIGHTS OF MORTGAGEE. The assured cannot waive the effect of an arbitration of a loss under a policy of insurance whereby the company elects to pay the loss rather than replace the property, so as to bind a mortgagee to whom the loss was payable.

*Appeal from Polk District Court.*—Hon. Chas. A. Bishop, Judge.

Wednesday, May 20, 1903.

Action on insurance policy. The defendant appeals. —*Affirmed.*

*Read & Read* for appellant.

*Maxwell & Maxwell* for appellee.

Ladd, J.—On the former appeal it was held that a demand for an appraisement of damages occasioned by the fire was under the terms of the policy an election to make payment in money, rather than to rebuild. As that conclusion is irrevocable in this case, and has since been imbedded in legislative enactment, reargument by appellant's counsel seems not only entirely useless, but of doubtful propriety. The original answer averred that "a disagreement occurred as to the value of the property alleged to have been destroyed, and as to the amount of the loss and

damages; and this defendant, under the terms and provisons of said policy, requested that said matter should be submitted to arbitration in the manner provided for by said policy," and that thereupon appraisers were selected. When the cause was remanded an amendment thereto was filed, in which a separate written agreement of Elliott and defendant to arbitrate was set up, containing this stipulation: "It is expressly understood that this agreement and appraisement is for the purpose of ascertaining and fixing the amount of said loss and damage only to the property hereinafter described, and shall not determine, waive, or invalidate any other right or rights of either party to this agreement." Appellant contends this obviated the waiver of the right to rebuild, resulting from the insurer's demand for an appraisement. Perhaps this is so as to Elliott. The entire loss, however, was payable to the Iowa Central Building Association, as mortgagee; and, regardless of what the assured might do under the provisions of the policy, he was not authorized, after the company had elected to make payment in money, to bind the mortgagee by an agreement relieving the insurer from such obligation. The liability of the company had attached, and the entire controversy related not to the essence of, but the performance of, its contract. At the outset it was bound to satisfy the loss in one of two ways; that is, by payment or replacing the property. It chose the former, and thereupon the mortgagee immediately acquired the right to such payment. This it has never abandoned. While the policy may have authorized the assured to arbitrate the extent of the loss, it nowhere conferred on him the power to surrender any of the rights acquired by the mortgagee in the course of the adjustment.—AFFIRMED.

BISHOP, C J., took no part.